FILED
United States Court of Appeals
Tenth Circuit

June 23, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AXEL CRESPO-GUTIERREZ,

    Plaintiff - Appellant,

v.

ANA MARIA RESENDIZ RAMIREZ;
ANA L. ANTONIO RESENDIZ;
AURORA E. ANTONIO RESENDIZ;
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICE,

    Defendants - Appellees.

No. 16-1428
(D.C. No. 1:16-CV-01028-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

    Plaintiff Axel Crespo-Gutierrez, a Colorado prisoner proceeding pro se, appeals

from an order of the United States District Court for the District of Colorado dismissing

his amended complaint. The amended complaint raised several claims against Ana Maria

Resendiz Ramirez, her two daughters, and the United States Citizenship and Immigration

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

Service.  On appeal, however, Plaintiff challenges only the dismissal of his fraud and unjust-enrichment claims against Ms. Ramirez and her daughters.  The district court ruled that the claims were untimely.  Plaintiff complains that the district court failed to grant him equitable tolling to extend his time to file his complaint.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The essence of the fraud and unjust-enrichment claims is that Ms. Ramirez, a Mexican citizen, misrepresented to Plaintiff that she was unmarried and thereby tricked him into marrying her so that she and her daughters could live legally in the United States.  The four lived together as a family from 2000 until 2006.  In January 2006, Ms. Ramirez revealed that she was legally married to a man in Mexico.  Plaintiff asked her for a divorce, and a few months later he rescinded his sponsorship of the three women for naturalization.

Plaintiff does not dispute the district court's rulings that his claims accrued in 2006, that the limitations period for both claims is three years, and that he did not file suit on the claims until 2016.  He complains, however, that he should have been granted equitable tolling on his claims because he was not able to obtain official documentation of Ms. Ramirez's marriage in Mexico until 2014 and because Ms. Ramirez and her daughters concealed their whereabouts from him.

The district court's order denying Plaintiff's motion to reconsider thoroughly explains why he was not entitled to equitable tolling.  We affirm its decision on the limitations issues for essentially the reasons stated in its opinion.

The judgment below is **AFFIRMED**.  Mr. Crespo-Gutierrez's motion for leave to proceed *in forma pauperis* is **DENIED**.

Entered for the Court


Harris L Hartz
Circuit Judge